IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.                                          1:08-cr-223-WSD-2

BLAS ALEMAN,

Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Blas Aleman's ("Defendant")

motions *in limine* [230], [307] - [311], [342] ("Defendant's Motions") and the

Government's motions *in limine* [317] - [319] ("Government's Motions").

I.      BACKGROUND[1]

On March 8, 2017, Defendant filed his Motions.  Defendant seeks to

exclude the following categories of evidence:  (1) testimony or evidence

concerning alleged drug activity by Defendant in 2005 or at any other time;

(2) deposition testimony of Filiberto Alanis-Soto; (3) testimony by others

concerning Alanis-Soto's identification of Defendant by photograph or at

deposition; and (4) testimony concerning the circumstances under which

---

[1]      The background of this action is more thoroughly discussed in the Court's
March 2, 2017, Order [305].

Defendant was in Mexican custody and extradited to the United States.  Defendant also seeks to admit documents corroborating his alibi defense, including (a) medical prescriptions [253.7] and (b) utility bills that were the subject of Sara Cruz Garcia's ("Ms. Cruz") January 10, 2017, deposition testimony.

On March 9, 2017, the Government filed its Motions.  The Government seeks to exclude the following categories of evidence:  (1) exhibits and testimony from Ms. Cruz's deposition; and (2) evidence regarding Alanis-Soto's sentence reduction.  The Government also seeks to allow evidence of Defendant's alleged 2005 drug activity under Federal Rule of Evidence 404(b) or as intrinsic evidence.

On March 21, 2017, the Government filed its reply brief regarding its Rule 404(b) motion, indicating that it no longer intends to introduce evidence of Defendant's prior drug trafficking activity.  Instead, the Government intends to present evidence that Defendant took precautions to conceal his presence in the Atlanta area, and seeks to introduce the outstanding warrant from his 2005 arrest to explain that conduct.  In response to this change in position, on March 22, 2017, Defendant filed his supplemental reply [342], arguing that the 2005 warrant is improper 404(b) evidence and is irrelevant and prejudicial character evidence.

## II.    DISCUSSION

### A.    Motions Regarding Alanis-Soto

The Court first considers the parties' motions that relate to the testimony of Alanis-Soto.  Defendant seeks to exclude (1) the deposition testimony of Filiberto Alanis-Soto; and (2) testimony by others concerning Alanis-Soto's identification of Aleman.  The Government seeks to preclude evidence of Alanis-Soto's sentence reduction.  On March 27, 2017, the Court issued an order requiring Alanis-Soto's release from detention, by releasing him to the custody of immigration officials for further immigration processing, including removal if appropriate.  ([347]).  It is unclear, at this time, whether Alanis-Soto will be available and called at trial.

#### 1.    Alanis-Soto's Guideline Reduction

In 2010, Alanis-Soto was sentenced to a term of 117 months.  In March 2015, the Court reduced his sentence by nine (9) months, after the United States Sentencing Commission issued an amendment that lowered the offense levels ascribed to drug quantities in the Sentencing Guidelines Manual.  The Government seeks to preclude Defendant from introducing evidence of the sentence reduction, arguing it is irrelevant and prejudicial.  The Court agrees. Alanis-Soto's sentence reduction based on the 2014 amendment to the Sentencing Guidelines is not relevant to any issue, including Alanis-Soto's credibility, because

the sentence reduction was not connected to Alanis-Soto's cooperation or any other conduct in which he engaged in this action after he was convicted. Evidence of the sentence reduction is not admissible and the Government's motion is granted.

### 2.    Use of Alanis-Soto's Deposition

In June 2009, Alanis-Soto pleaded guilty to conspiracy to possess with intent to distribute cocaine and methamphetamine. ([95]). In 2010, the Court sentenced him to a term of 117 months, which was later reduced, pursuant to 18 U.S.C. § 2582(c)(2), to 108 months . ([138], [139], [199]). On August 26, 2013, the Government showed Alanis-Soto a six-photograph lineup, and Alanis-Soto identified Defendant's photograph. On August 13, 2014, the Government showed Alanis-Soto a separate six-photograph lineup, and Alanis-Soto again identified Defendant's photograph. Alanis-Soto signed and dated each lineup.

After Alanis-Soto served his term, the Government arrested him on a material witness warrant in connection with the trial of his alleged co-conspirator, Defendant Blas Aleman. On June 23, 2016, the Government deposed Alanis-Soto. Defendant and his counsel were present at the deposition, and Defendant's counsel cross-examined Alanis-Soto during the deposition.

Defendant first argues that admitting the deposition at trial requires that the Government show exceptional circumstances to do so. Defendant's argument

misconstrues the applicable standard.  Rule 15 of the Federal Rules of Criminal Procedure provides that a court may grant a motion for a pretrial deposition because of "exceptional circumstances and in the interest of justice."  Fed. R. Crim. P. 15(a)(1).  The question here is not whether a deposition should be taken.  Rather, the question is whether the deposition may be used at trial.  In Crawford v. Washington, the United States Supreme Court held that the Confrontation Clause of the Sixth Amendment bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." 541 U.S. 36, 54 (2004).  Here, the statements at issue are testimonial.  There is no question that Defendant had a prior opportunity to cross-examine Alanis-Soto at the deposition.

The question remains whether Alanis-Soto will be unavailable to testify at trial.  The burden of proof rests with the Government.  Ohio v. Roberts, 448 U.S. 56, 74-75 (1980).  In determining unavailability, "[t]he ultimate question is whether the witness is unavailable despite good-faith efforts undertaken prior to trial to locate and present that witness."  Id.; see also United States v. Siddiqui, 235 F.3d 1318, 1324 (11th Cir. 2000) ("The lengths to which the government must go to produce a witness is a matter of reasonableness.").  The Eleventh Circuit has

5

affirmed the use of a videotaped deposition at trial where the witness was deposed and cross-examined, then deported from the United States.  United States v. Smith, 213 F. App'x 774 (11th Cir. 2006).  In Smith, the Government presented evidence that it made diligent, but unsuccessful, efforts to secure the agreement of the Department of Homeland Security to parole the witness pending trial.  The Eleventh Circuit found this evidence showed that the witness was "unavailable" despite the Government's good-faith efforts to obtain her presence at trial.  Id. at 777 (citing cases).  In the event Alanis-Soto is unavailable to testify at trial, the Government must show, on April 10, 2017, the good-faith efforts it undertook to secure Alanis-Soto's availability at trial.

In the event the Government meets its burden to show unavailability, the Government will be entitled to use Alanis-Soto's deposition at trial.  If the deposition is introduced at trial, Defendant seeks to exclude the following testimony by Alanis-Soto:  (a) the identification of Defendant, because Defendant was wearing prison clothes; (b) testimony regarding statements Defendant made to Alanis-Soto related to Defendant's prior drug trafficking in Florida; (c) testimony regarding a recorded conversation between him and alleged co-conspirator "El Gordo" discussing an overt act by Defendant in furtherance of the conspiracy; (d) Alanis-Soto's testimony that Defendant is the person in the photographs he

identified at the 2013 and 2014 lineups; and (e) several exhibits which are discussed below.  Defendant also seeks to preclude the Government agents who showed Alanis-Soto the lineups in 2013 and 2014 from testifying about Alanis-Soto's identification of Defendant, in the event that (1) Alanis-Soto does not testify at the trial and (2) the Court does not permit the Government to play Alanis-Soto's deposition at the trial.

a)   <u>Identification of Defendant</u>

During the deposition, Alanis-Soto identified Defendant by pointing at him. The Government then instructed the videographer to record Defendant seated at the defense table.  Defendant's counsel objected because Defendant was wearing prison clothes.  Defendant now seeks to exclude the identification testimony because the video shows Defendant in prison clothes.  A defendant's wearing jail clothes serves as a "constant reminder of the accused's condition" that may skew a juror's view.  <u>Anderson v. Sec'y for Dep't of Corr.</u>, 462 F.3d 1319, 1328 (11th Cir. 2006).  The Court finds that, should the deposition be used at trial, the Government

7

must exclude from it any visual depiction of Defendant.[2]  Defendant's motion to exclude the image of Defendant is granted.[3]

### b)    Defendant's Florida Drug Trafficking Activity

Defendant seeks to exclude Alanis-Soto's testimony regarding statements Defendant made to him related to Defendant's prior drug-trafficking activity in Florida.  The Government indicates that it no longer intends to introduce evidence of Defendant's prior drug trafficking activity.  Accordingly, the Government may not introduce Alanis-Soto's testimony regarding this drug trafficking activity, and Defendant's motion to exclude this evidence is granted.

### c)    "El Gordo" Testimony

After Alanis-Soto was arrested in 2008, he participated in recorded telephone calls between him and an alleged co-conspirator nicknamed "El Gordo." The Government played one of the recorded calls at Alanis-Soto's deposition, and he testified that (1) he was asking El Gordo where to deliver drugs, (2) the two discussed "Blas," meaning Defendant, having only given Alanis-Soto $100, which

---

[2]    Based on Defendant's counsel's objection at the deposition, the Court expects the parties to agree that the individual Alanis-Soto identified was the Defendant.

[3]    The deposition testimony that may not be shown is time stamped, on the visually recorded deposition, beginning at 10:53:50 and ending at 10:54:43.

Alanis-Soto explained was money he received from Defendant to purchase gasoline during his drive from Mexico to Atlanta with the drugs.  Defendant seeks to exclude this testimony, stating that the recording of the call "speaks for itself." Defendant argues that Alanis-Soto cannot testify about what El Gordo was thinking, and that such testimony would be speculative and lacking in foundation.

The Court, having reviewed the deposition, denies Defendant's motion *in limine* to exclude testimony regarding the El Gordo call.  Contrary to Defendant's characterization, Alanis-Soto testified regarding what he discussed with El Gordo, not what El Gordo was thinking.  (See Tr. 76 ("[W]hat were you talking about during that telephone call?"); id. at 77 ("Do you remember saying anything about Blas Aleman on the call?"; "[Y]ou told El Gordo that Blas only gave you a hundred bucks; is that right?").  Alanis-Soto's testimony provides context and explanation for the call.  Defendant's motion to exclude this testimony is denied.

> d)      Alanis-Soto's Photograph Lineup Testimony

During his deposition, Alanis-Soto stated the individual in the photographs he identified in the 2013 and 2014 six-photograph lineups is Defendant, and he verified he signed and dated the lineups.  (Tr. 84-86).  Defendant argues this deposition testimony is hearsay.  He also argues that Alanis-Soto's testimony shows only that he identified Aleman from the picture, not that Alanis-Soto

identified Aleman in 2013 and 2014.  The Court finds the testimony is not hearsay, because the statements were made while Alanis-Soto was testifying.  See Fed. R. Evid. 801(c).  Defendant's motion *in limine* is denied.

e)      Deposition Exhibits

Defendant next moves to exclude the Government's Exhibits 1-6, 6A, 10, 10A, 13, 14A-14E.  These exhibits were shown to Alanis-Soto at his deposition. The Government argues these exhibits are admissible at trial if properly authenticated under the Federal Rules of Evidence, and that the Court should reserve its ruling on the admissibility question until the Government has an opportunity to authenticate them.  Defendant, in reply, states that the "parties apparently do not disagree that the various photos shown to Alanis-Soto must be properly authenticated to be admitted."  ([336] at 2).  Accordingly, Defendant's motion *in limine* is denied as moot but without prejudice to the Government seeking to establish admissibility at trial.

f)      Government Agent Testimony Regarding Lineup

Finally, in the event that (1) Alanis-Soto does not testify at the trial and (2) the Court does not permit the Government to play Alanis-Soto's deposition at the trial, Defendant seeks to preclude the Government agents who showed Alanis-Soto the lineups in 2013 and 2014 from testifying about Alanis-Soto's

identification of Defendant.  The Court denies the motion as moot, but without prejudice to objection at trial if Alanis-Soto does not testify at trial and the Court excludes his deposition at trial.

      B.    <u>Remaining Motions</u>

Defendant seeks to exclude the following categories of evidence: (1) testimony or evidence concerning alleged drug activity by Defendant in 2005 or at any other time; and (2) testimony concerning the circumstances under which Defendant was in Mexican custody and extradited to the United States.  Defendant also seeks to allow admission of documents corroborating his alibi defense, including (a) medical prescriptions [253.7] and (b) utility bills that were the subject of Sara Cruz Garcia's ("Ms. Cruz") January 10, 2017, deposition testimony.

The Government seeks to admit evidence of Defendant's 2005 arrest and flight from Florida.  The Government also seeks to exclude exhibits and testimony from Ms. Cruz's deposition.

      1.    <u>Defendant's 2005 Arrest and Flight</u>

The evidence at issue here stems from a 2004 investigation by local police in Wauchula, Florida, into Defendant's alleged methamphetamine distribution activities.  On May 25, 2005, Detective Nicholson arrested Defendant for methamphetamine trafficking.  Defendant's ex-wife, Victoria Aviles, bailed

Defendant out of jail, after which Defendant left Wauchula and did not return. After Defendant failed to appear at his June 7, 2005, arraignment, a warrant was issued on June 8, 2005, for Defendant's arrest for failure to appear.  In 2008, a confidential source informed Detective Nicholson that Defendant was in the Atlanta area and was involved in drug trafficking.  On May 12, 2008, a vehicle driven by co-defendant Alanis-Soto was stopped and police found approximately 10 kilograms of cocaine and 1 kilogram of methamphetamine.

The Government indicates that it no longer intends to introduce evidence of Defendant's 2005 drug trafficking activity.  The Government, however, intends to present evidence that Defendant took precautions to conceal his presence in the Atlanta area, and seeks to introduce evidence of Defendant's 2005 arrest, bond, and failure to appear to explain, in part, Defendant's motivation to avoid detection. The Government states that it will redact any reference to the drug charges from the bond and the failure to appear warrant.  It argues that, by avoiding any reference to the underlying drug charge, the evidence avoids any implication that Defendant had a propensity to commit a drug crime, thus Rule 404 is not implicated.  Defendant argues that the 2005 arrest evidence is improper 404(b) evidence and is irrelevant and prejudicial character evidence.

Rule 404(b) of the Federal Rules of Evidence provides:

[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Fed. R. Evid. 404(b).

The Court finds that the 2005 arrest evidence is intrinsic, rather than extrinsic, evidence, and thus is not subject to Rule 404(b).  Evidence is intrinsic when it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense."  United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007) (quoting United States v. Baker, 432 F.3d 1189, 1205 n.9 (11th Cir. 2005)).  Such evidence may be admitted "if linked in time and circumstances with the charged crime, or [it] forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury."  Id. (quoting United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998)).  For example, evidence that forms an "integral and natural part of the witness's accounts of the circumstances surrounding" the charged crime is intrinsic and not subject to Rule 404(b).  United States v. Foster, 889 F.2d 1049, 1053 (11th Cir. 1989).  However, even admissible

intrinsic evidence must comport with the requirements of Federal Rule of

Evidence 403, which precludes evidence whose probative value is substantially

outweighed by unfair prejudice.  See United States v. Williams, 564 F. App'x 569,

574 (11th Cir. 2014).

The Court finds that the 2005 arrest evidence is not character evidence,

particularly because the Government states it will redact any reference to the

charged crime.  Rather, the evidence is offered to explain Defendant's secretive

conduct in Atlanta during the time period of the charged offense.  The fact that

Defendant was arrested and fled is intrinsic evidence because it explains, in part,

why Defendant was careful to avoid identification in Atlanta during the alleged

conspiracy.  The Court finds the probative value of this evidence is not

substantially outweighed by unfair prejudice.  For these reasons, the Government

may introduce the redacted 2005 arrest and flight evidence.  The Court also

determines that the jury should be instructed on the limited reason for which the

arrest and flight are allowed to be introduced.[4]

---

[4]     This is the limiting instruction the Court intends to give:

The Court has allowed evidence that Defendant Aleman was granted
bond for an arrest of him in Florida on May 25, 2005 and that, upon
release of bond he failed to appear at court proceedings he was
required to attend in Florida.  This evidence is introduced for a limited

2.    Alibi Defense Documents

Defendant seeks to admit documents corroborating his alibi defense, including (a) medical prescriptions [253.7] purportedly written by Dr. Carbajal and (b) utility bills [317.1] that were the subject of Ms. Cruz's January 10, 2017, deposition testimony.

Regarding the medical prescriptions purportedly written by Dr. Carbajal, because Dr. Carbajal did not appear to be deposed regarding the prescriptions, there currently is no foundation for the prescriptions to be entered into evidence. Defendant makes a passing argument that the prescriptions can be authenticated because "[t]here is no genuine dispute that the prescriptions . . . are what they appear to be, so the foundation should be considered sufficiently laid."  ([335] at 2).  To be admitted, documents must be properly authenticated "by evidence sufficient to support a finding that the matter in question is what its proponent claims."  Fed. R. Evid. 901(a).  A document may be authenticated by appearance,

---

purpose.  Specifically, you may consider it on the issue whether Defendant was available to commit the crimes with which he is charged in this case and whether he engaged in conduct to avoid detection in engaging in the alleged crimes with which he was charged because he had violated his bond in Florida.  You may not speculate on what he was arrested for in Florida and you may not consider the Florida arrest as any evidence that he committed the crime with which he is charged in this case.

contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." United States v. Siddiqui, 235 F.3d 1318, 1322 (11th Cir. 2000). Here, Defendant does not provide any circumstantial evidence or other evidence to show the prescriptions "[are] what its proponent claims." The prescriptions themselves are handwritten and appear to have a very basic letterhead that does not even contain the name of the prescribing physician. (See [253.7] at 2-4). The Court finds that Defendant, at this time, fails to present sufficient evidence to support a finding that the prescriptions are what Defendant claims them to be. The Court finds the prescriptions do not have a sufficient foundation to be admitted and the motion to admit them is denied.[5]

With respect to the utility bills, Ms. Cruz, whom Defendant married in 2012, testified that, before her deposition, she looked for papers from Defendant's house that related to the period around 2008, that is the subject of this case. She brought a number of such papers to the deposition, including utility bills purportedly paid in 2006-2008. She testified that, based on her experience, paying these bills required the customer to appear at the utility company in person and to receive proof of payment in the form of a stamp placed on the invoice.

---

[5]     If Defendant has other evidence to authenticate the prescriptions, this ruling does not prejudice his offering such evidence at trial.

The Government argues that the bills are hearsay and do not fall within any exception.  Defendant argues the receipts are "probative just because they exist, not because their content is in dispute" and that they are not hearsay.  The Court finds the bills are hearsay for which there is no admissibility exception.  The matter asserted in the bills is that a payment for utilities was made on certain dates.  This is the assertion for which the bills are offered—to show that Defendant personally paid the bills on certain dates to show he was in Mexico on those dates.  Cf. United States v. Peveto, 881 F.2d 844, 853-54 (10th Cir. 1989) (traffic ticket introduced to tie defendant to van containing contraband, not for the truth of the matter asserted on the ticket that defendant had committed a traffic violation); United States v. Mazyak, 650 F.2d 788, 792 (5th Cir. Unit B July 17, 1981) (bills were non-hearsay where they were not offered to show that payments were made but as circumstantial evidence to corroborate the route a boat took and that the boat was prepared for a long voyage); United States v. Mejias, 552 F.2d 435, 446 (2d Cir. 1977) (hotel and luggage receipts not offered for truth of matter asserted but as circumstantial evidence to link defendant with hotel that was meeting place for various members of conspiracy and luggage found therein).  Here, there is an insufficient basis to show that Defendant is the person who paid the bill.  While there may be evidence the bills were paid, there is no probative evidence the

invoices were paid personally by Defendant when he was in Mexico.  To allow the
evidence to be admitted, even with a limiting instruction, would result in undue
prejudice and would unreasonably confuse the jury.

Defendant argues that, if they are hearsay, the bills fall under the business
records exception.  The Court disagrees.  The business records exception to
hearsay provides:

> **Records of a Regularly Conducted Activity**.  A record of an act,
> event, condition, opinion, or diagnosis if:
>
> (A) the record was made at or near the time by—or from information
> transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity
> of a business, organization, occupation, or calling, whether or not for
> profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian
> or another qualified witness, or by a certification that complies
> with <u>Rule 902</u>(11) or (12) or with a statute permitting certification;
> and
>
> (E) the opponent does not show that the source of information or the
> method or circumstances of preparation indicate a lack of
> trustworthiness.

Fed. R. Evid. 803(6).  Here, there is no evidence to meet the requirements of the
business records exception.  As the Government points out, Ms. Cruz is not
qualified to authenticate the bills, including because there is nothing to support that

she ever worked at any of the utility companies that purportedly generated the bill, did not live with Defendant from 2006-2008 when the bills purportedly were generated, and did not testify that a person during the relvant time period had to pay a bill personally for payment to be accepted.  There does not appear to be any evidence to establish the record-keeping procedures of any of the companies or people that purportedly generated the bills.  That Ms. Cruz testified that Defendant regularly maintained the bills and documents similar to them is insufficient under subsection (B), because Ms. Cruz failed to show that the bills were kept "in the course of a regularly conducted activity of a *business, organization, occupation, or calling*, whether or not for profit."  Fed. R. Civ. P. 803(6)(B) (emphasis added). The Court finds that the bills do not fall under the business records exception.

Defendant next argues the bills should be admitted under the residual hearsay exception because the bills have circumstantial guarantees of trustworthiness.  The residual hearsay exception under Rule 807 provides an exception where:

> (1) the statement has equivalent circumstantial guarantees of trustworthiness;
>
> (2) it is offered as evidence of a material fact;

(3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and

(4) admitting it will best serve the purposes of these rules and the interests of justice.

Fed. R. Civ. P. 807.  The Court finds the bills do not have circumstantial guarantees of trustworthiness.  The water bill receipts ([317.1] at 1-2) are handwritten and the electricity bills ([317.1] at 4-7) contain stamps indicating they were paid in person, but there is nothing to support when the bills were paid, who paid them, or that the stamps are authentic.  The Court also finds that the bills are not more probative on the point for which they are offered than any other evidence Defendant can obtain through reasonable efforts.  Defendant has obtained deposition testimony from five witnesses who testified that Defendant was in Mexico in 2008.  This evidence is more probative of Defendant's argument that he was in Mexico than these few unauthenticated bills.  The regularity of the bills or that they were issued is not the question here, it is whether Defendant paid them or they were paid because he was living in this particular building.  Because the bills are hearsay and do not fall under any exception, Defendant's motion to exclude them is granted.

Finally, the Government seeks to exclude Ms. Cruz's testimony regarding the bills, including because (1) her testimony that she found the bills in a closet in Defendant's house is irrelevant and (2) her testimony regarding the process for paying bills is irrelevant, because she lacks knowledge to testify as to how or whether Defendant paid bills in the 2006-2008 period, or who, if anyone, lived in the house during the period for which the bills were issued. Defendant does not appear to contest these points, and Ms. Cruz's testimony regarding the bills is excluded.

### 3.   Defendant's Arrest in Mexico and Extradition to the U.S.

Defendant seeks to exclude testimony and evidence regarding his arrest in Mexico on charges of cocaine trafficking, and his subsequent extradition to the United States. The Government agrees not to introduce evidence of Defendant's prior cocaine trafficking arrest in Mexico, but it argues that the fact of extradition is relevant and admissible, because (1) it makes it more likely than not that Defendant, having been arrested and conscious of his guilt, fled Florida and remained a fugitive from 2005 onward to avoid prosecution in the United States, and (2) the Government may, depending on its strategy, also seek to introduce extradition evidence to explain the investigation and processing of Defendant's prosecution. To this, Defendant "replies only to object to any attempt to tie the

circumstances of extradition to anything involving allegations of prior bad acts in Florida in 2004."

The Court understands that the Government does not intend to use the fact of extradition to show consciousness of guilt regarding the charges brought against Defendant in Florida and intends to use it only to show the processing of the charges against Defendant.[6]  With these limitations, the arrest in and extradition from Mexico is admissible to show that Defendant was arrested on or about March 23, 2016, in Mexico on the charges in this case and was extradited to the United States to stand trial on the charges against him in this district.[7]  Defendant's

---

[6]     That Defendant absconded is also relevant to his consciousness of guilt of the charged conspiracy.  See United States v. Gonzalez, 834 F.3d 1206, 1217 (11th Cir. 2016) (citing, among other cases, United States v. Blakey, 960 F.2d 996, 1000 (11th Cir. 1992) ("Evidence of flight is admissible to demonstrate consciousness of guilt and thereby guilt.")).  When Inspector Navarro knocked on the door of the Atlanta apartment at which it was thought that Defendant might reside, a person who identified himself as Defendant's brother told Inspector Navarro that Defendant knew he was wanted and that Defendant had returned to Mexico with his wife.  This is evidence of Defendant's consciousness of guilt of the charged conspiracy.

[7]     This evidence, if offered, will be accompanied by the following limiting instruction:  Evidence that the Defendant was arrested in Mexico and extradited to the United States to stand trial on the charge in this case may be considered for the limited purpose of considering the time between the indictment and the trial of the charges.

motion to preclude evidence of the Florida charge is granted, but the motion is denied regarding the fact of Defendant's arrest in and extradition from Mexico.

## III.   CONCLUSION

Accordingly, and the foregoing reasons,

**IT IS HEREBY ORDERED** that the Government's Motion *in Limine* to Preclude Irrelevant and Prejudicial Testimony During the Cross-Examination of Filiberto Alanis-Soto [319] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Government shall, on April 10, 2017, present its evidence of good-faith efforts it undertook to secure Alanis-Soto's availability at trial. The Court will then rule on Defendant's Motion *in Limine* to Exclude Use of Deposition at Trial [230].

**IT IS FURTHER ORDERED** that, in the event the Government meets its burden to show unavailability, and the Government uses Alanis-Soto's deposition at trial, Defendant's Motion *in Limine* Concerning Deposition of Filiberto Alanis-Soto [308] is **GRANTED IN PART, DENIED IN PART**, and **DENIED IN PART AS MOOT**. Defendant's Motion is **GRANTED**, and the Government must exclude from the deposition video (1) any visual depiction of Defendant and (2) testimony relating to Defendant's prior drug trafficking activity in Florida. Defendant's Motion is **DENIED** with respect to (1) Alanis-Soto's testimony

regarding El Gordo, and (2) his testimony regarding the 2013 and 2014 photograph lineups.  Defendant's Motion is **DENIED AS MOOT** with respect to the authentication of deposition exhibits without prejudice to the Government seeking to establish admissibility at trial.

IT IS FURTHER ORDERED that Defendant's Motion [309] with respect to the testimony of Government agents that showed Alanis-Soto the 2013 and 2014 lineups is **DENIED AS MOOT**, but without prejudice to objection at trial if Alanis-Soto does not testify at trial and the Court excludes his deposition at trial.

IT IS FURTHER ORDERED that Defendant's Motion *in Limine* to exclude 404(b) evidence of alleged Florida drug activity [307] and the Government's Motion to introduce Rule 404(b) evidence [318] are **DENIED AS MOOT** with respect to evidence of Defendant's alleged prior drug trafficking. Defendant's Supplemental Motion *in Limine*  [342] is **DENIED**.  The Government may introduce the redacted 2005 arrest and flight evidence as set forth in its reply brief [338].

IT IS FURTHER ORDERED that Defendant's Motion *in Limine* Concerning Documentary Alibi Corroboration [310] is **DENIED** without prejudice to Defendant seeking to offer other evidence, if available, upon which to seek admission of the prescriptions.  The Government's Motion *in Limine* to Preclude

24

Hearsay Evidence [317] is **GRANTED**, and the utility bills and Ms. Cruz's testimony regarding them are excluded, and the prescriptions are precluded, but without prejudice to Defendant offering other evidence at trial to authenticate the prescriptions.

**IT IS FURTHER ORDERED** that Defendant's Motion *in Limine* Concerning Extradition [311] is **GRANTED IN PART** and **DENIED IN PART**. Defendant's motion to preclude evidence of the Florida charge is **GRANTED**, but the motion is **DENIED** regarding the fact of Defendant's arrest in and extradition from Mexico.

**IT IS FURTHER ORDERED** that the Government's Unopposed Motion to Extend the Deadline for the Filing of Motions *in Limine* or Motions to Exclude Evidence or Testimony [316] is **GRANTED NUNC PRO TUNC**.

**SO ORDERED** this 28th day of March, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE