IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

BLAS ALEMAN,

        **Defendant.**

1:08-cr-223-WSD-2

## OPINION AND ORDER

This matter is before the Court on the parties' objections to deposition designations for the depositions of Filiberto Alanis-Soto and Sara Cruz Garcia. The parties outlined their respective positions regarding their objections in their March 30, 2017, emails to the Court.

    A.    <u>Alanis-Soto Testimony</u>

Defendant objects to the Government's designation of portions of Mr. Alanis-Soto's deposition pertaining to his identification of Defendant and Defendant's uncle, Juan Aleman, in surveillance photographs. Specifically, Defendant objects to the following pages and lines of Mr. Alanis-Soto's testimony: 24:1-26:23; 30:19-32:4 ("Alanis-Soto Testimony"). Defendant argues that the photographs are not authenticated by a witness, and that Mr. Alanis-Soto's identification of the individuals in the photograph is no different than a juror's

identification of them.  The Court agrees that the photographs are required to be authenticated at trial before they may be admitted.  Ordinarily that is done through the testimony of the person or persons involved in taking the photographs.  If authenticated, Alanis-Soto may testify about the identity of the individuals in the photographs.  The identity of Defendant and his uncle is relevant to Defendant's presence in Atlanta during the time of the charged conduct, and Alanis-Soto is knowledgeable about the appearance of Defendant and Juan Aleman around 2008, the time period the photographs purportedly were taken.  He is thus better able than a juror to identify both individuals' appearance during that time period.  He also testified that he has known Defendant and Juan Aleman for some time, (See Tr. 24:17-19), and this makes him uniquely better able than the jurors to identify them in photographs.

    B.    Cruz Testimony

The Government objects to Defendant's designation of portions of Cruz's deposition pertaining to utility bills and receipts.  Specifically, the Government objects to the following pages and lines of Cruz's deposition:  18:4-22:2; 23:2-31:5 ("Cruz Testimony").  In its March 28, 2017, Order [350] regarding the parties' motions *in limine*, the Court excluded the utility bills and receipts and Cruz's deposition testimony regarding them, including because Cruz lacked knowledge to

authenticate the documents, and because the documents were hearsay and did not fall under any exception.  Defendant now advises that he will, by his own testimony, seek to introduce the documents at trial.  He argues that, if the Government objects on foundation or authenticity grounds, Defendant should be able to use Cruz's testimony to support the authenticity of the documents.  The Court will, after Defendant testifies at trial, determine whether Cruz's testimony is admissible.  The deposition testimony remains excluded, without prejudice to Defendant moving to use the testimony at trial should it be relevant and admissible to bolster the foundation Defendant seeks to establish.

Accordingly, and the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's objections to the Government's designation of the Alanis-Soto Testimony are **OVERRULED**, except that the Government must establish the authenticity of the photographs at trial.  The Government's objections to Defendant's designation the Cruz Testimony are **SUSTAINED**, without prejudice to Defendant moving to use the testimony at trial should it be relevant and admissible to bolster the foundation Defendant seeks to establish.

**SO ORDERED** this 30th day of March, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE